GRaham, Judge,
delivered the opinion of the court:
S. Leon Rosskam, a citizen of the United States and resident of Philadelphia, died on April 1, 1917, leaving a last will and testament which was duly admitted to probate in the Orphans’ Court of Philadelphia. William B. Rosskam and Lester G. Rosskam, the plaintiffs in the suit, were named executors of the w,ill and were duly appointed and they qualified as such on November 24, 1917.
*275 At the time of the death of their testator there was due him by a bank in Munich, Germany, the sum of 224,262.55 German marks.
In accordance with the act of September 8, 1916, plaintiffs filed an income-tax return for the said estate with the collector of internal revenue at Philadelphia, and paid the tax shown to be due by said return amounting to $4,373.85. In filing the return they stated that there was due the,ir decedent by a German bank in Munich, Germany, the above sum in German marks, upon which claim they had been able to collect nothing. After considering the return the Commissioner of Internal Revenue amended it by adding to the taxable assets reported the sum of $38,864.07, which he determined to be the value of the said German marks, and upon that sum assessed an additional tax against the estate of $1,635.75, ,in March, 1921. On May 11, 1922, plaintiffs paid said tax under protest, and $169.40 interest on May 18, 1922. On July 14, 1922, a claim for refund of these two amounts ■was filed by the plaintiffs, which claim was rejected on January 6, 1923.
Thereafter the plaintiffs realized from said debt the sum of $639.15, the tax upon which would have been $25.06, and they are seeking to recover the aforesaid sums on account of the additional assessment less $25.06.
The applicable statute is section 202 of the revenue act of September 8, 1916, 39 Stat. 758, whfch is as follows:
“ That the value of the gross estate of the decedent shall bé determined by including the value at the time of his death of ail property, real or personal, tangible or intangible, wherever situated.”
The one question in the case is as to the value of the debt due decedent by the German bank at the time of his death. As stated, he died April 1, 1917, and this Government declared war against the Imperial German Government on the 6th ox April, 1917. It is admitted that at the date of decedent’s death the said bank owed him 224,262.55 German marks, and their value for taxation under the statute depends upon the value of the German mark on that date. The court has found that there was then no market in the *276 United States wherein said marks could have been exchanged for American currency; that American banks would not on that date have given credit or cash in exchange for the marks; and that there is no proof that the owner of the marks could have exchanged them on or about April 1, 1917, for even the amount of currency ultimately collected.
The plaintiffs did not collect the debt before the war terminated. After the war they were informed that the balance due had been seized by the alien property custodian of Germany, and upon this information they made collection, receiving on June 22, 1922,- the sum of $639.15 realized from the sale of said credit. There is nothing in the findings to show that the plaintiffs did not exercise due diligence in attempting to collect this debt in Germany. The obstacles in the way of their doing so are too well known to require discussion. There are no facts to justify the value put upon the debt by the Government, and therefore the additional assessment made on that account, namely, $1,635.75, with interest, a total of $1,805.15. Deducting from the last sum $25.06 due by the estate on $639.15, the amount realized on the debt, there remains a balance due the plaintiffs of $1,780.09, with interest on $1,610.69 from May 11, 1922, and on $169.40 from May 18, 1922. For these amounts plaintiffs should have judgment, and it is so ordered. .
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
Hat, Judge, absent.